**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1409
_____

UNITED STATES OF AMERICA

V.

JAMES KNOTT, JR.,
a/k/a T-Money

JAMES KNOTT, JR.,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-12-cr-00579-001)
District Judge:  Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed: March 7, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Appellant James Knott was arrested for selling heroin to an undercover confidential informant and charged with two counts of distribution and possession of a Schedule I controlled substance, violations of 21 U.S.C. § 841(a) and § 841(b)(1)(C), and 18 U.S.C. § 2. Knott pleaded guilty to these counts and was sentenced to a term of 151-months imprisonment. In sentencing the appellant, the District Court noted that it had the discretion to issue a non-guidelines sentence, but chose not to depart.

Knott filed a *pro se* notice of appeal, challenging his sentence but not his conviction. We appointed Ruth M. Liebesman, Esquire, to represent Knott on appeal. Attorney Liebesman has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal and asking permission to withdraw her representation. Knott did not file a *pro se* supplemental brief.

Counsel may move to withdraw from representation if, "upon review of the district court record," she "is persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *see also Anders*, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our "inquiry when counsel submits an *Anders* brief is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided ... by the *Anders* brief itself." *Id.* at 301 (quotation marks omitted).

2

Counsel complied with Third Circuit Local Appellate Rule 109.2(a). Attorney Liebesman's *Anders* brief identifies two potential areas of review: (1) whether Knott entered a valid guilty plea; and (2) whether the District Court erred in refusing to downwardly depart from the Career Criminal Guideline. The *Anders* brief then explains why there are no non-frivolous issues for appeal. Based on our independent review, we reach the same conclusion.

First, the District Court properly conducted the plea hearing. As counsel thoroughly lays out in the brief, the record clearly demonstrates that during that hearing, the District Court advised and questioned Knott pursuant to Rule 11(b) (1) of the Federal Rules of Criminal Procedure; determined that there was sufficient factual basis for his guilty plea; and ensured that the plea was knowing and voluntary and that there were no questions as to Knott's comprehension or competence. Knott's plea was therefore indisputably valid.

Second, we "lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996). Here, the District Court specifically indicated at the sentencing hearing that it knew it was permitted to depart downward but declined to do so. *See* Appendix at 73-74. Therefore, the District Court's decision not to grant a variance is not appealable.

Accordingly, after our independent examination of the record, we find that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgment of sentence and we will grant counsel's motion to withdraw.

3

Finally, we certify that the issues presented herein lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).